

745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: 646.770.7445
Fax: 646.417.7997
www.grossmanllp.com

February 20, 2018

**VIA ECF**

Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street, Room 21C
New York, New York 10007

        *Re*:    *Nagelberg v. Meli, et al.*, **Case No. 17-cv-2524 (S.D.N.Y.)**

Dear Judge Stanton,

    We represent Plaintiffs in the above-referenced action, and we write under Rules 1.A and 2.A of the Court's Individual Practices to request a pre-motion conference concerning the enforcement of Plaintiffs' rights under the July 19, 2017, Order to obtain copies of third-party discovery produced in the related "SEC Action," *SEC v. Meli*, No. 17-cv-0632-LLS (S.D.N.Y.).

    This securities-fraud litigation arises out of a classic Ponzi scheme whereby Defendants raised more than $97 million dollars from investors between January 2015 and January 2017, purportedly to invest in a high-end ticket resale business for popular theatrical and live-entertainment events, like Broadway's *Hamilton*. This action and the SEC Action are currently stayed pending the conclusion of the related criminal case, *United States v. Meli*, 17-cr-127-KMW (the "Criminal Action"). Under the April 26, 2017, Order in the SEC Action (Dkt. 123), the SEC is permitted to seek third-party discovery during the stay. And after a July 19, 2017, hearing in this case, the Court held that Plaintiffs would be permitted to receive from Defendants "copies of all documents furnished to them by the Securities and Exchange Commission in the SEC case to plaintiffs (at least to the extent permitted by any protective order)."

    Under the Court's July 19, 2017, Order, Plaintiffs circulated to all parties a Proposed Stipulation and Order Regarding Discovery Materials to modify the existing protective order in the SEC Action allow Plaintiffs to receive copies of third-party discovery produced in that case. Defendants, however, have not acknowledged, let alone responded to Plaintiffs' several requests to execute the Proposed Stipulation. Plaintiffs seek these documents as part of their fact-gathering efforts during the pendency of the stay so that they can hit the ground running once the Criminal Action is resolved and the stay is lifted. For similar reasons, the Court lifted the stay in its entirety and permitted all discovery to proceed as against Defendant TriPoint Global Equities, LLC ("TriPoint"), the placement agent who Plaintiffs have alleged played a critical role in the scheme to defraud. Plaintiffs have already received documents from TriPoint and additional documents from TriPoint are forthcoming.

Honorably Louis L. Stanton  Page 2 of 2
February 20, 2018

      For these reasons, Plaintiffs respectfully request a pre-motion conference to address their request to modify the Protective Order in the SEC Action to allow Plaintiffs to enforce their right to obtain copies of third-party discovery already produced to Defendants in the SEC Action.

                                                 Respectfully submitted,

                                                 Lindsay E. Hogan

cc:     All counsel of record (via ECF)
        Dahlia Rin, *counsel for SEC* (via electronic mail)
        Martin Healy, *counsel for SEC* (via electronic mail)