ORIGINAL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID NAGELBERG, *individually and as* TRUSTEE of the DAVID S. NAGELBERG 2003 REVOCABLE TRUST and PENSCO C/F DAVID S. NAGELBERG ROTH IRA, MATTHEW HAYDEN, MITCHELL KNAPP, LAWRENCE J. SHEER DDS PSP,
WILLIAM J. ROUHANA, JR., AMY NEWMARK, TIMOTHY ROUHANA, ROSEMARY ROUHANA, ELLA DAMIANO, MICHAEL DAMIANO, and LONDONDERRY CAPITAL LLC,

Plaintiffs,

-against-

JOSEPH MELI, MATTHEW HARRITON, 875 HOLDINGS, LLC, ADVANCE ENTERTAINMENT, LLC, ADVANCE ENTERTAINMENT II, LLC, 127 HOLDINGS LLC, and TRIPOINT GLOBAL EQUITIES, LLC,

Defendants.

Case No: 17-cv-2524(LLS)

## STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER

Plaintiffs David Nagelberg, individually and as trustee of David S. Nagelberg 2003 Revocable Trust and PENSCO C/F David S. Nagelberg ROTH IRA, Matthew Hayden, Mitchell Knapp, Lawrence J. Sheet DDS PSP, William J. Rouhana, Jr., Amy Newmark, Timothy Rouhana, Rosemary Rouhana, Ella Damiano, Michael Damiano, and Londonderry Capital LLC's ("Plaintiffs"), and Defendants Matthew Harriton ("Harriton") and 875 Holdings, LLC ("875 Holdings") (collectively the "Parties"), hereby agree as follows:

WHEREAS, certain information in the possession of the Parties contains confidential and commercially sensitive information and/or other information which the Parties consider confidential and proprietary in nature;

WHEREAS, the Parties have considered and agreed to this Stipulated [Proposed] Protective Order (the "Protective Order") to be submitted to the Court for the purpose of providing reasonable safeguards against the unauthorized and inadvertent disclosure or use of any confidential or proprietary information which may be disclosed by the discovery in this action;

IT IS HEREBY STIPULATED by and between the Parties hereto, by and through their respective attorneys, that:

1.  All discovery of confidential and proprietary information shall be governed by this Protective Order. All documents produced in any manner by any party or its agents or employees (the "Disclosing Party") in connection with this action, including documents produced at any point during the pendency of this action may be marked as "CONFIDENTIAL." "Confidential" means information concerning a person, person's business operations, a business' operations, business records not readily available in the public domain, business processes, business policies, or product design and development, or other nonpublic information within the scope of Rule 26(c)(1)(G), the disclosure of which the person believes in good faith likely would adversely affect personal or business privacy interests or harm that person's or business' competitive or business interests, or the disclosure of which would contravene an obligation of confidentiality to another person or to a court. Confidential Materials that are furnished by the Disclosing Party for use by the party to whom such information is disclosed (the "Receiving Party") shall be treated by the Receiving Party according to the terms of this Protective Order. All documents and other materials produced or exchanged in this matter may be used for purposes of this proceeding only and for no other purpose. This Protective Order shall be binding on all Parties, and their predecessors, successors, subsidiaries, affiliates, parents,

officers, directors, managers, agents, attorneys, and employees. Nothing in this Protective Order restricts or limits the Disclosing Party of the Confidential information from any use or disclosure of the Confidential information it designates.

2. <u>Designation of Information as Confidential</u>.

(a) Nothing herein shall be construed to obligate any Party to designate any information as Confidential.

(b) A Party may designate information as Confidential if that Party believes in good faith after a reasonable inquiry that the information qualifies as such.

(c) A Disclosing Party designates information as Confidential by clearly and prominently marking the information, document, or thing "CONFIDENTIAL." A Party who wishes information to be produced by another Party to be designated as Confidential may do so by sending written notice to all Parties. A Party may make unmarked information, documents, and things available to a Receiving Party for inspection and copying without waiving a claim of confidentiality, provided that that Party marks all copies "CONFIDENTIAL" before they are produced.

(d) A Party designates information in deposition testimony as Confidential by either (i) stating on the record at the deposition that the information is Confidential or (ii) sending written notice to all Parties, the stenographer, and videographer that the information is Confidential within fourteen (14) days after receiving the final deposition transcript. Pages of deposition transcripts and deposition exhibits that have Confidential information must be separately bound by the stenographer and marked "CONFIDENTIAL."

(e) A Party's failure to designate information as Confidential does not waive a claim of confidentiality as to other information.

(f) A Party who has designated information as Confidential may withdraw the designation by sending written notice to all Parties to this action.

(g) If a Party disputes the designation of information as Confidential, the objecting Party shall send written notice to the Disclosing Party and the Party making such designation describing the basis for the dispute, identifying the specific information, and proposing a new designation. The objecting Party, the Disclosing Party, and the Party making the disputed confidentiality designation shall meet and confer in an effort to resolve the dispute without the Court's involvement. The Party making the disputed confidentiality designation has the burden of proving that the information is properly designated as Confidential and, the Party challenging any designation shall have the obligation to seek relief from such designation, but the information shall remain subject to the Confidential designation until the Court resolves the dispute. A Party's failure to dispute a designation of information as Confidential is not an admission that the information was properly designated as such.

(h) This Protective Order is not intended to impact the rights of the Parties to redact or refuse to produce information they believe is irrelevant. If a Party disputes a redaction, the objecting Party shall send written notice to the Disclosing Party and the Party making such designation describing the basis for the dispute. The Party making the disputed redaction and the Party challenging it shall meet and confer in an effort to resolve the dispute without the Court's involvement. Should the meet and confer prove unsuccessful, the Party challenging the redaction may apply to the Court to have the redacted information produced. Should the Court rule the information should be unredacted, the Disclosing Party may thereafter designate the information as Confidential as appropriate. Nothing herein is intended to prevent a Party from challenging a redaction and confidentiality designation at the same time.

(i) This Protective Order shall not be construed to require the production of information protected by court order or agreement.

3. Except as expressly permitted below, counsel for the Receiving Party shall keep all Confidential Materials, and the information contained therein, confidential from all persons. Confidential Materials may only be used for the purposes of prosecuting or defending the above-captioned proceeding or to appeal from any final order or judgment that may be entered as a result of this action and may not be used for any other proceeding, including but not limited to other civil actions or action proceedings involving Matthew Harriton, the Plaintiffs or their respective counsel.

4. Disclosure of Confidential Materials may be made only to:

(a) Parties and employees of each Party who are actively involved in assisting in the prosecution or defense of this action;

(b) outside counsel of record in this action ("Counsel") and those employees of Counsel tasked with working on this action;

(c) in-house counsel for the Parties who are actively involved in assisting in the prosecution or defense of this action;

(d) experts or consultants who are retained by Counsel to assist in this action;

(e) employees of experts or consultants who are retained by Counsel to assist in this action, to the extent that such disclosure is necessary for such experts and consultants to prepare for this action;

(f) potential or anticipated witnesses and their counsel, to the extent that such disclosure is necessary for them to prepare for the trial in this action;

   (g) the mediator in the Court-ordered mediation, except that the mediator shall return to the Parties all Confidential information disclosed to him in connection with the mediation and shall agree in advance to comply with the terms of this Protective Order,

   (h) the fact finder(s) at the trial of this action;

   (i) court reporters, videographers and stenographers employed in connection with this action;

   (j) outside photocopying, graphic production services or litigation support services employed by Counsel to assist in this action, and computer service personnel performing duties in relation to a computerized litigation system; and

   (k) any appeals court in connection with an appeal from a final order or judgment in this action; provided however that any such filing shall be made under seal, unless the Disclosing Party waives this requirement in writing.

  5. All individuals identified in paragraph 4(d), 4(e) or 4(f) to whom Counsel discloses Confidential Materials shall be furnished or shown a copy of this Protective Order and shall, before receiving said materials, agree in writing to maintain the Confidential Materials in accordance with the provisions of this Protective Order. Such agreement shall be memorialized in a certification substantially identical to Exhibit A.

  6. Confidential Materials shall not include documents or other materials that are in the public record, that are otherwise publicly available, or where identical copies of said materials came into the possession of the Receiving Party other than through this action.

  7. Unless otherwise stipulated by the Parties, or ordered by the Judge assigned to this matter, the originals of all documents containing confidential information shall remain in the possession of the Disclosing Party and shall be made available to the Receiving Party for

inspection and copying upon reasonable notice. Copies of such documents may be used by the Receiving Party, in lieu of originals, for all purposes in this action.

8. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work product, and no party or non-party witness shall be held to have waived any rights by such inadvertent production. The Disclosing Party shall assert any such privilege or work product claim promptly upon discovery of its inadvertent production by notifying the Receiving Party of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the Receiving Party shall promptly return all copies of the document or information to the Disclosing Party. Such document or information shall not be offered into evidence in this or any other proceeding by any person without consent of the Disclosing Party, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

9. Nothing herein shall be construed as a waiver of the right of any Party to object to the taking or the admissibility of any testimony or other evidence where such objection is based upon grounds other than the confidentiality of the testimony or evidence sought.

10. Inadvertent failure to designate Confidential Materials as such prior to disclosure, production or response will not prevent a subsequent confidentiality designation in writing promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the Receiving Party prior to receipt of the notification shall not be a violation of this Protective Order.

11. Within sixty (60) calendar days following final termination of this case, including all appeals, the Receiving Party shall return all copies and samples of Confidential Materials in

its possession, custody or control to counsel for the Party who has provided them or certify destruction thereof. Nothing in this Protective Order shall prevent counsel for the Receiving Party from retaining attorney work product such as any summaries or other documents or writings prepared by or for said counsel that contain or refer to Confidential Materials as well as one set of pleadings and motion papers filed with the Court and one copy of any transcripts of depositions, hearings or other proceedings conducted in this action (including one copy of each exhibit used at such events), provided that such summaries or other documents or writings are thereafter maintained under the conditions of confidentiality set forth in this Protective Order.

12. Except as provided herein, this Protective Order shall remain in effect subsequent to the termination of the action in order to protect the confidentiality of all Confidential Materials.

13. Nothing herein shall prejudice any Party from seeking amendments hereto, broadening or restricting the rights of access to and use of all Confidential Materials; or other modification of this Protective Order by the Court for good cause.

14. This Protective Order may be amended by the agreement of counsel for the Parties in the form of a stipulation to be filed in this action with a request that the Court enter an Amended Protective Order consistent with the signed Stipulation.

**AGREED TO AND ACCEPTED BY:**

**GROSSMAN LLP**

*[signature]*

Judd Grossman
Lindsay Hogan
745 Fifth Avenue, 5th Floor
New York, NY 10151
Tel: (646) 770-7445
Fax: (646) 417-7997
jgrossman@grossmanllp.com
lhogan@grossmanllp.com

*Attorneys for Plaintiffs*


**MCLAUGHLIN & STERN LLP**

*[signature]*

Daniel Horwitz
Tracy Burnett
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
DHorwitz@mclaughlinstern.com
TBurnett@mclaughlinstern.com
Tel: (212) 455-0448 (Horwitz)
Fax: (212) 448-0066

*Attorneys for Defendant Matthew Harriton
and 875 Holdings, LLC*


**SO ORDERED.**

**DATED:**   New York, New York
             Feb. 13, 2019

*[signature]* Louis L. Stanton

The Honorable Louis L. Stanton
**UNITED STATES DISTRICT JUDGE**

9

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID NAGELBERG, *individually and as* TRUSTEE of the DAVID S. NAGELBERG 2003 REVOCABLE TRUST and PENSCO C/F DAVID S. NAGELBERG ROTH IRA, MATTHEW HAYDEN, MITCHELL KNAPP, LAWRENCE J. SHEER DDS PSP, WILLIAM J. ROUHANA, JR., AMY NEWMARK, TIMOTHY ROUHANA, ROSEMARY ROUHANA, ELLA DAMIANO, MICHAEL DAMIANO, and LONDONDERRY CAPITAL LLC, <br><br> Plaintiffs, <br><br> -against- <br><br> JOSEPH MELI, MATTHEW HARRITON, 875 HOLDINGS, LLC, ADVANCE ENTERTAINMENT, LLC, ADVANCE ENTERTAINMENT II, LLC, 127 HOLDINGS LLC, and TRIPOINT GLOBAL EQUITIES, LLC, <br><br> Defendants. | Case No: 17-cv-2524(LLS) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1.  I, _____ have read the agreed Protective Order dated February __, 2019 ("Protective Order"), which governs the treatment of Confidential Materials in the above styled action, and agree to be bound by its terms with respect to any information, documents or materials designated by the Parties and/or non-parties as CONFIDENTIAL that are furnished to me as set forth in the Protective Order.

2.  I further agree (a) not to disclose to anyone information, documents or materials designated by the Parties and/or non-Parties as CONFIDENTIAL other than as set forth in the Order; and (b) not to make any copies of any information, documents or materials designated by

10

the Parties and/or non-Parties as CONFIDENTIAL furnished to me except in accordance with the Protective Order.

3. I hereby agree that any information, documents or materials designated by the Parties and/or non-parties as CONFIDENTIAL furnished to me will be used by me only for the purposes of the above-styled action, and for no other purpose, and will not be disclosed in any form by me to any other person(s) or entity.

Dated: _____     By: _____
                                     Signature

                                 _____
                                     Printed Name

                                 _____
                                     Address