ORIGINAL

# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

| TRACY BURNETT | 260 MADISON AVENUE | MILLBROOK, NY |
| tburnett@mclaughlinstern.com | NEW YORK, NEW YORK 10016 | GREAT NECK, NY |
| (212) 448-1100 ext. 1246 | (212) 448–1100 | WEST PALM BEACH, FL |
| | FAX (212) 448–0066 | FT. LAUDERDALE, FL |
| | www.mclaughlinstern.com | |

**MEMO ENDORSED**

November 5, 2019

*[Handwritten note from Judge:]* This application is dismissed, with leave to renew as part of an application for costs when a final judgment is entered.

Louis L. Stanton
11/20/19

**VIA ECF**
Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St., Room 21C
New York, NY 10007-1312

Re: <u>Nagelberg v. Meli, et al., Civil Action No.: 17-cv-2524 (S.D.N.Y.)</u>

Dear Judge Stanton:

As you know, we represent defendants Matthew Harriton and 875 Holdings, LLC in the above titled matter. We write this letter pursuant to Your Honor's Individual Rules of Practice §2(A), to request a pre-motion conference regarding our client's intention to move for costs for noticed plaintiffs' failure to appear and proceed with a deposition.

On October 19, 2019, a deposition notice was served by email on counsel for Plaintiffs, and separate notices were served by U.S. mail on both Judd Grossman, Esq. and Lindsay Hogan, Esq., calling for Plaintiffs to appear for depositions on dates between November 5, 2019 and November 15, 2019. *See* Notice of Depositions, attached as Exhibit A. The schedule called for Lawrence Sheer and Mitchell Knapp to appear today at our law firm for their depositions starting with Mr. Knapp's deposition, which was to commence at 10:00 a.m.

Despite being properly served notice, Mr. Knapp and Mr. Sheer failed to appear as required by Rule 30 of the Federal Rules of Civil Procedure and costs were incurred as a result. We were not notified that Plaintiffs would not appear until 9:39 a.m. today. *See* Email from L. Hogan, Esq. dated November 5, 2019, attached as Exhibit B. Ms. Hogan's email this morning was the first time Plaintiffs' raised any objection to any of the dates noticed in the October 19, 2019 deposition notice. *See* Email from T. Burnett, Esq. dated November 5, 2019, attached as Exhibit C. In fact, counsel for all parties spent the entire day together at the deposition of defendant Matthew Harriton on October 30, 2019, and counsel for Plaintiffs never raised any issues regarding the dates for Plaintiffs' depositions, despite being in possession of the deposition notice.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/19

Hon. Louis L. Stanton
November 5, 2019
Page 2

  Pursuant to the Notice of Deposition, the depositions were scheduled to be recorded by stenographic means. Our clients retained a court reporter for Mr. Knapp and Mr. Sheer's depositions. The court reporter was at our office and preparing for the 10:00 a.m. deposition when Ms. Hogan sent her 9:39 a.m. e-mail notifying the undersigned that her clients would not appear. As a result of Mr. Sheer and Mr. Knapp's failure to appear, our clients have incurred costs for the court reporter's time as well as attorney's fees. *See* Invoice from Veritext, LLC, dated November 5, 2019, attached as Exhibit D.

  For these reasons, we respectfully request a pre-motion conference to address our request for costs for noticed plaintiffs' failure to appear and sanctions, if appropriate.

            Very truly yours,

            */s/ Tracy Burnett*
            Tracy Burnett

cc: All parties (via ECF)

**MEMORANDUM ENDORSEMENT**

Nagelberg v. Meli, 17 Civ. 2524 (LLS)

This application is dismissed, with leave to renew as part of an application for costs when a final judgment is entered.

Dated: New York, New York
November 20, 2019

/s/
LOUIS L. STANTON
U.S.D.J.