ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID NAGELBERG, INDIVIDUALLY AND AS TRUSTEE OF THE DAVID S. NAGELBERG 2003 REVOCABLE TRUST AND PENSCO C/F DAVID S. NAGELBERG ROTH IRA, MATTHEW HAYDEN, MITCHELL KNAPP, LAWRENCE J. SHEER DDS PSP, WILLIAM J. ROUHANA, JR., AMY NEWMARK, TIMOTHY ROUHANA, ROSEMARY ROUHANA, ELLA DAMIANO, MICHAEL DAMIANO, AND LONDONDERRY CAPITAL LLC,

                    Plaintiffs,

- against-

JOSEPH MELI, MATTHEW HARRITON, 875 HOLDINGS, LLC, ADVANCEENTERTAINMENT, LLC, ADVANCEENTERTAINMENT II, LLC, 127 HOLDINGS LLC, AND TRIPOINT GLOBAL EQUITIES, LLC,

                    Defendants.

17 Civ. 2524 (LLS)

ORDER

    Defendants seek an Order compelling plaintiffs to produce documents responsive to several categories of document requests and one set of interrogatories. The Court grants in part and denies in part defendants' request as follows:

1) <u>May Requests</u>

    With regards to Request No. 7, plaintiffs aver that a diligent search was conducted and that all documents and communications in their possession, custody and control concerning their due diligence and research into the investment were produced. It is unclear, however, whether plaintiffs have diligently searched for documents and communications responsive to Requests Nos. 1-6. Given the likelihood that these documents

-1-

and communications do exist, considering Mr. Damiano's testimony that he did exchange emails with Mr. Pape and Mr. Rouhana (see Dfs. Ex. D), plaintiffs shall conduct another search to ensure that the responsive, non-privileged documents will be produced.

2) September Requests

a. Document Requests

It is again unclear whether plaintiffs have conducted a diligent search for documents and communications responsive to Requests Nos. 3[1] and 5. Plaintiffs argue that the "file" referenced by Mr. Hayden relating to his investments was already produced, and defendants argue that it was not. Plaintiffs must resolve this discrepancy and shall conduct another search to ensure that those documents, as well as any other, responsive, non-privileged documents (for example, the emails Mr. Harriton sent to plaintiffs cited in defendants' Letter), have in fact been produced.

Plaintiffs shall produce documents responsive to Requests Nos. 3 and 6. They are not required to produce documents responsive to Requests Nos. 1 and 2. For defendants to obtain plaintiff's tax returns and tax-related documents, "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source." Mazzaro de

---

[1] This refers to the second Request No. 3 on page 10 of Defendants' Exhibit B.

Abreu v. Bank of Am. Corp., No. 06 CIV.673 LMM DFE, 2008 WL 4787553, at *3 (S.D.N.Y. Oct. 28, 2008) (citing Sadofsky v. Fiesta Products, LLC, 2008 WL 3210434, *6 (E.D.N.Y. Aug. 6, 2008 (explaining that financial documents and depositions have been found to be "less intrusive" sources)). Defendants have not shown a compelling need for the information sought through plaintiffs' tax documents, since details concerning the investors' wealth can be less intrusively obtained from their deposition testimony, Investor Questionnaires, and interrogatory responses (addressed in more detail below).

    b. Interrogatories

Defendants are correct that a party may seek interrogatory responses which exceed the scope of Local Rule 33.3 where they are a more practical method of obtaining the information sought than a request for production or a deposition. See In re Weatherford Int'l Sec. Litig., No. 11 CIV. 1646 LAK JCF, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013). Here, defendants argue that the interrogatories at issue would not require long narrative responses and that they seek information needed to fill in alleged gaps in plaintiffs' deposition testimony.

Many of the interrogatories go well beyond merely asking the plaintiffs to "identify" certain investments or organizations (by, for example, including requests for explanations of "the specific due diligence undertaken" and "the relationship between the specific facts uncovered and the

ultimate investment decision" see Interrogatories Nos. 3 & 13) and are overly broad and burdensome in comparison to the needs of the case.

Defendants are entitled to a limited inquiry into plaintiffs' investment histories to refute their claims of justifiable reliance. Defendants may redraft narrowly tailored interrogatories to ascertain basic identification information concerning plaintiffs' investment history that has not already been, or will not be, revealed through depositions or document production, or that requires further clarification. At that point, plaintiffs may renew any legitimate objections to those interrogatories. If the information requested can be found in documents produced in the discovery process, plaintiffs may respond to the Interrogatory by identifying the responsive documents or depositions. See In re Weatherford Int'l Sec. Litig., 2013 WL 5788680, at *3. Plaintiffs shall also respond to Interrogatories Nos. 14-16.

3) October Requests

In response to Request No. 1, plaintiffs assert that documents reflecting "all of the investment returns received from Defendants" have been produced (and provide Bates citations for those records) and that they do not have any documents responsive to Request No. 2 beyond the "Schedule of Victims". (Pls. Ltr. at 2). That response is satisfactory, as plaintiffs need not produce "All" documents if those already produced are

sufficient to show the requested information.

CONCLUSION

The discovery deadline is extended by 60 days to allow the parties to fulfill the obligations set forth in this Order. All discovery shall now be completed by May 21, 2021.

So ordered.

Dated:   New York, New York
         March 22, 2021

                                            *Louis L. Stanton*
                                            Louis L. Stanton
                                                 U.S.D.J.