USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/14/23__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID NAGELBERG, *individually and as* TRUSTEE of the DAVID S. NAGELBERG 2003 REVOCABLE TRUST and PENSCO C/F DAVID S. NAGELBERG ROTH IRA, MATTHEW HAYDEN, MITCHELL KNAPP, LAWRENCE J. SHEER DDS PSP, WILLIAM J. ROUHANA, JR., AMY NEWMARK, TIMOTHY ROUHANA, ROSEMARY ROUHANA, ELLA DAMIANO, MICHAEL DAMIANO, and LONDONDERRY CAPITAL LLC,

Plaintiffs,

-against-

JOSEPH MELI, MATTHEW HARRITON, 875 HOLDINGS, LLC, ADVANCE ENTERTAINMENT, LLC, ADVANCE ENTERTAINMENT II, LLC, 127 HOLDINGS LLC, and TRIPOINT GLOBAL EQUITIES, LLC,

Defendants.

Case No: 17-cv-02524 (LLS)

## [PROPOSED] FINAL JUDGMENT AND ORDER

WHEREAS on April 26, 2017, Plaintiffs filed the operative Amended Complaint in this Action, asserting, among other things, claims against Defendants Matthew Harriton ("Harriton") and 875 Holdings, LLC ("875 Holdings") (together with Harriton, the "Harriton Defendants") for (i) Fraud in Connection with the Purchase or Sale of Securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5(a)–(c) ("Securities Fraud"); (ii) Common-Law Fraud; and (iii) Breach of Contract; and

WHEREAS on February 6, 2023, the Harriton Defendants consented to judgment in the following amounts and on the following terms;

NOW, therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  Judgment is entered in favor of Plaintiffs and against (i) Matthew Harriton on Plaintiffs' Securities Fraud and Common-Law Fraud claims and (ii) 875 Holdings on Plaintiffs' Securities Fraud, Common-Law Fraud, and Breach of Contract claims; and each Plaintiff shall have recovery from the Harriton Defendants as follows:

    a.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff David Nagelberg, individually and as Trustee of the David S. Nagelberg 2003 Revocable Trust and Pensco c/f David S. Nagelberg Roth IRA, in the amount of $3,513,443.49, which includes applicable prejudgment interest;

    b.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Matthew Hayden in the amount of $2,410,139.90, which includes applicable prejudgment interest;

    c.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Mitchell Knapp in the amount of $347,150.68, which includes applicable prejudgment interest;

    d.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Lawrence J. Sheer DDS PSP in the amount of $347,150.68, which includes applicable prejudgment interest;

    e.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff William J. Rouhana, Jr. in the amount of $272,872.24, which includes applicable prejudgment interest;

    f.  Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Amy Newmark in the amount of $177,512.04, which includes applicable prejudgment interest;

g. Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Timothy Rouhana in the amount of $177,470.80, which includes applicable prejudgment interest;

h. Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Rosemary Rouhana in the amount of $177,470.80, which includes applicable prejudgment interest;

i. Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Ella Damiano in the amount of $177,470.80, which includes applicable prejudgment interest;

j. Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Michael Damiano in the amount of $177,491.42, which includes applicable prejudgment interest;

k. Against Matthew Harriton and 875 Holdings, jointly and severally, in favor of Plaintiff Londonderry Capital LLC in the amount of $120,034.21, which includes applicable prejudgment interest;

2. The Court finds that there is no just reason for delay in entering final judgment against the Harriton Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

3. The Court shall retain jurisdiction over enforcement of this Final Judgment and Order.

SO ORDERED.

Dated: February 14, 2023
New York, New York

_Louis L. Stanton_
HON. LOUIS L. STANTON
United States District Judge